```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF TENNESSEE
                       WESTERN DIVISION
```
_____

**ANTHONY E. RAYNOR**            )
                                 )
    **Plaintiff,**             )
                                 )
v.                               )         No. 04-2707 Ml/An
                                 )
**TENNESSEE AIR NATIONAL GUARD** )
**et al.,**                      )
                                 )
    **Defendants.**            )
_____

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**
_____

Before the Court is the Motion of Defendant Tennessee Air National Guard ("TNANG") to Dismiss the Amended Complaint, filed April 22, 2005. Plaintiff responded in opposition on August 1, 2005. For the following reasons, Defendant's motion is GRANTED.

**I.   BACKGROUND**

Plaintiff Anthony E. Raynor[1] brought this suit against Defendant TNANG under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., alleging racial discrimination, age discrimination, harassment, retaliation, and hostile work environment. Plaintiff is an African-American male hired by Defendant TNANG in June 2000 as a "Part-time Unit Training

___
[1] The pleadings refer to Plaintiff as Anthony E. Raynor. However, documents provided by TNANG refer to Plaintiff as Anthony Earl Rayner. (Memo. Mot. Dismiss Ex. A). For purposes of this order, the Court accepts that these alternate spellings refer to the same individual, who is the plaintiff in this action.

Manager."[2]  (Am. Compl. ¶ 6.)  According to military personnel records, Plaintiff was a member of the Air Force reserves and held the military rank of Master Sergeant.  Plaintiff was enlisted as a "Traditional M-Day Soldier pursuant to 32 U.S.C. § 302 and 10 U.S.C. § 672(f)."  (Memo. Mot. Dismiss Ex. A).  As a traditional M-Day soldier, Plaintiff was normally required to drill one weekend per month and two weeks each summer.  (Id.)

Plaintiff contends that he was denied benefits afforded to white male employees of TNANG.  Plaintiff first alleges that TNANG denied his request to remain in the part-time Air National Guard until the maximum age of sixty years of age, while permitting three white males to do so.  (Am. Compl. ¶ 8.)  Plaintiff also alleges that he was not permitted to work on a part-time basis whereas white male employees were allowed to hold part-time positions.  (Id. ¶¶ 9-10.)

Plaintiff also contends that there were numerous irregularities in his evaluation process, which allegedly led to his termination from TNANG.  Plaintiff contends that he consistently received excellent evaluations from 1996 to 2001, but that another evaluator, Defendant Hall, subsequently gave him lower ratings, without providing reasons for doing so.  (Id. ¶ 11.)  In addition, in January 2004, Plaintiff was denied a

---

[2] The Court notes that the pleadings state Plaintiff was hired in June 2000 (Am. Compl. ¶ 6); however, the complaint also refers to evaluations that took place from 1996-2001.  (Id. ¶ 11.)

transfer within the TNANG.  Plaintiff alleges that this denial was against the common practice of the TNANG.  (Id. ¶¶ 15-17.) In February 2004, shortly after Plaintiff's request for a transfer, Plaintiff received a certificate of Honorable Discharge from the Air National Guard which states that he voluntarily retired.  (Id. ¶¶ 18-19.)  However, Plaintiff notes that he never signed the form for voluntary dismissal and had continued to request employment at TNANG.  (Id.)

In June 2004, Plaintiff filed a complaint of discrimination with the Equal Employment Opportunity Commission and later that month received a right to sue letter.  (Id. ¶ 20.)  Plaintiff filed the instant lawsuit in September 2004 and an amended complaint in October 2004.  Defendant TNANG filed the instant motion to dismiss in April 2005 on the grounds that this Court lacks subject matter jurisdiction.

## II.  STANDARD OF REVIEW

Article III of the United States Constitution provides that federal courts may hear only justiciable cases or controversies. U.S. Const. Art. III, § 2; see also Southwest Williamson County Community Ass'n, Inc. v. Slater, 243 F.3d 270, 276 (6th Cir. 2001).  In every federal case, the threshold question is whether the court has the judicial power to hear the suit.  Warth v. Seldin, 422 U.S. 490, 498 (1975).  It is the obligation of the

court to determine whether a claim is justiciable.  <u>Southwest Williamson County Community Ass'n, Inc.</u>, 243 F.3d at 276.

Federal Rule of Civil Procedure 12(b)(1) provides that a party may move to dismiss an action for lack of subject matter jurisdiction.  In order to survive a Rule 12(b)(1) motion, the plaintiff has the burden of proving that the court has subject matter jurisdiction.  <u>Moir v. Greater Cleveland Reg'l Transit Auth.</u>, 895 F.2d 266, 269 (6th Cir. 1986).  In reviewing a Rule 12(b)(1) motion challenging the factual basis for jurisdiction, "a trial court has wide discretion to allow affidavits, documents and even a limited evidentiary hearing to resolve disputed jurisdictional facts."  <u>Ohio Nat'l Life Ins. Co. v. United States</u>, 922 F.2d 320, 325 (6th Cir. 1990).  If a court determines that it lacks subject matter jurisdiction, "the court shall dismiss the action."  Fed. R. Civ. P. 12(h)(3).

**III. ANALYSIS**

The National Guard is a component of the Armed Forces of the United States, <u>Gilligan v. Morgan</u>, 413 U.S. 1, 7 (1973).  <u>See</u> <u>Leistiko v. Stone</u>, 134 F.3d 817, 818 (6th Cir. 1998)(finding that Ohio National Guard technician was federal employee whose employment was administered by the state).  The Air National Guard is one of the reserve components of the United States Air Force, and is part of the National Guard of the United States. 10 U.S.C. §§ 335(c)(1),(c)(4), (c)(5), 672; 32 U.S.C. § 101(3).

The National Guard is under the control of the states for day-to-day operations, but it is federally funded and its training must comply with federal standards.  Ill. Nat'l Guard v. Fed. Labor Relations Bd., 854 F.2d 1396, 1397-98 (D.C. Cir. 1988).  In order to become a member of the National Guard of the United States, an individual must enlist as a member of the National Guard of a particular state.  10 U.S.C. §§ 591, 12201.  A military member of a state national guard is a member of the Air National Guard of the United States, 32 U.S.C. § 101(7), as well as a member of the state national guard.

Plaintiff has brought suit under 42 U.S.C. § 2000e-16(a), which provides that military departments are prohibited from discriminating in employment decisions.  This provision of the Civil Rights Act waives the federal government's sovereign immunity for employment discrimination actions.  Misra v. Smithsonian Astrophysical Observatory, 248 F.3d 37, 39 (1st Cir. 2001).  However, courts read the statute to apply only to civilian employees of the military and not to uniformed members of the Armed Forces.  Fisher v. Peters, 249 F.3d 433, 439 (6th Cir. 2001).

It is a well-settled rule that "uniformed members of the armed forces have no remedy under Title VII of the Civil Rights Act of 1964."  Coffman v. State of Michigan, 120 F.3d 57, 59 (6th Cir. 1997).  When a superior makes an adverse decision towards a

military member, there is no remedy for damages within civilian courts.  Fisher, 249 F.3d at 439.  Courts have "consistently refused to extend statutory remedies available to civilians to uniformed members of the armed forces absent a clear direction from Congress to do so."  Coffman, 120 F.3d at 59 (holding that officer in the Army could not bring claims under the Americans with Disabilities Act, the Rehabilitation Act, or state law).

Accordingly, Plaintiff, as a uniformed military member of the Tennessee Air National Guard and of the United States military, cannot bring suit under Title VII against the National Guard.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's motion to dismiss for lack of subject matter jurisdiction.  As the Court finds that there is no subject matter jurisdiction over this case, the case is DISMISSED as to all Defendants.

SO ORDERED this 14th day of February, 2006.

/s/ Jon P. McCalla
JON P. MCCALLA
UNITED STATES DISTRICT JUDGE